DETERMINED IN THE

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### November, 1898.

---

SAMUEL FAILE and WILLIAM HALL PENFOLD, as Trustees under the Last Will and Testament of GEORGE FAILE, Deceased, Respondents, v. HENRY J. CRAWFORD, Appellant.

*Specific performance — effect of the death of one of the grantors before the actual delivery of the deeds to the vendee.*

Where, in an action for specific performance, both the deed originally tendered and a confirmatory deed are offered in evidence as muniments of title, and the trial court in the judgment decreeing specific performance does not direct the delivery of such confirmatory deed to the vendee, the fact that, pending an appeal to the Appellate Division, by whose judgment the delivery of the confirmatory deed is directed, one of the grantors named in and who executed both the deed originally tendered and the confirmatory deed dies, does not affect the validity of the deeds nor relieve the vendee from his obligation to complete his purchase.

APPEAL by the defendant, Henry J. Crawford, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of July, 1898, denying the defendant's motion to be relieved from complying with a judgment of specific performance of a contract for the purchase of real estate theretofore entered in the action.

*Eugene Frayer*, for the appellant.

*Charles F. Brown*, for the respondents.

FAILE *v.* CRAWFORD.                           279

App. Div.]      FIRST DEPARTMENT, NOVEMBER TERM, 1898.

VAN BRUNT, P. J.:

This case has been before the Appellate Division, and the question was as to the sufficiency of the title which had been offered to the defendant, who was a purchaser at a public sale. The defendant having rejected the title, the plaintiff brought this action for specific performance. Upon the trial, in order to avoid all question in regard to the title, the plaintiff, in addition to the deed of March 28, 1896, tendered and introduced in evidence an additional conveyance dated May 25, 1896, executed by parties other than those who had executed the deed of March 28, 1896, tendered to the defendant prior to the commencement of the action. The Special Term directed the specific performance of the contract, and required the plaintiff to deliver the deed of March 28, 1896, which had been previously tendered. On appeal to the Appellate Division this judgment was modified by directing also the delivery of the deed of May 25, 1898, which had also been introduced upon the trial. After the argument at the Appellate Division and before the decision, one of the persons who had executed the confirmatory deed, which was tendered and offered in evidence at the trial, and who, as trustee, had executed the deed originally tendered, died. The Appellate Division, in settling and making its order upon appeal, took no notice of this fact. Thereupon the defendant, complaining that such death, before the delivery of the deeds to him, rendered them inoperative and void, made a motion in the court below asking for an order relieving him from his contract of purchase and from the judgment, because of the death of one of the grantors who executed the confirmatory deed. The motion was denied, without prejudice to an application to the Appellate Division. Thereupon the defendant made this motion to be relieved from his purchase.

It is undoubtedly a well-settled rule that delivery of a deed is a necessary part of its execution, and that the mere signing of a deed, or its acknowledgment, of themselves give no efficacy to the instrument, and that delivery ordinarily implies acceptance of the instrument upon the part of the grantee. But proof of actual acceptance is not always required, because a party is presumed to accept that which is for his own benefit.

In this case, had the judgment of the Special Term required the

delivery of the deeds in question, and they had been deposited with the clerk of the court to abide the event of the appeal, there would be no question whatever but that the death of a grantor in the deed would not in any way affect its efficacy in case the requirement of delivery was finally affirmed by the appellate court. We can see no difference between the present situation and the condition referred to, of the deposit of a deed with the clerk of the court in pursuance of a judgment. These deeds were offered in evidence as muniments of title. They were delivered to the court to be disposed of as it saw fit by its final judgment; and the court had power to say in its judgment that the plaintiffs had done all that was required of them to do in order to make a perfect title, and it was for the defendant to say whether he accepted or refused the muniments of title which had been deposited in court for his benefit.

It is true that the judgment of the Special Term did not require the delivery of the deed of May 25, 1898, but that was not the final judgment in the action. This deed had been offered in evidence as an additional muniment of title, to be disposed of as the final judgment in the action should direct. The Appellate Division disposed of it and adjudged that the defendant was entitled to it in order to perfect his title. This adjudication and the handing over of the deed in pursuance thereof necessarily related back to the time when it was placed *in escrow* with the court to await the final determination of the action. The deed in question was placed beyond the control of the grantors, subject to the will of the court, to be disposed of as it saw fit and as in its judgment justice required. Acceptance upon the part of the grantee was not required in order to make the deed operative when the time came for its manual delivery. Had the deed been deposited *in escrow* subject to the right of the grantee to claim it upon performing a certain condition, the death of the grantors would not have destroyed the deed. The court held these deeds and decided that upon the payment of certain purchase moneys the defendant would be entitled to all the muniments of title which had been offered during the trial for the purpose of fortifying his title, and placed in the custody of the court. As for the confirmatory deeds which were tendered upon the argument of this motion, we think, although not necessary, in order that the defendant's title should be protected in every way, that possibly as a

condition of the denial of the motion, they should be delivered to the defendant.

The order appealed from should be affirmed, with ten dollars costs and disbursements, upon condition of the delivery of the deeds tendered upon the argument to the defendant.

Patterson, O'Brien, Ingraham and McLaughlin, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, upon condition of the delivery of the deeds tendered upon the argument to the defendant.